## UNITED STATES v. SREDNIK.

Circuit Court of Appeals, Third Circuit.
April 27, 1927.

No. 3584.

I. Aliens ⊚⟹71½(8)—Certificate of naturalization held not illegally procured, authorizing cancellation proceeding, because of any mistake (Comp. St. § 4374).

Certificate of naturalization is not "illegally procured," so as to authorize cancellation proceeding under Act June 29, 1906, § 15 (Comp. St. § 4374), there being no affirmative act of a sinister character on the part of the procurer, but, at most, a mere mistake in determining in favor of naturalization that applicant's absence from country with intention to return did not interfere with compliance with statutory requirement of continuous residence.

2. Aliens ⊚⟹71½(8)—Government's remedy for mere mistake in holding favoring naturalization is by appeal only.

In case of any mistake in holding, in favor of applicant for naturalization, that there was continuous residence, the government's only remedy was by appeal.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Proceeding by the United States against Thomas Srednik to cancel certificate of cancellation. Petition dismissed, and the United States appeals. Affirmed.

George W. Coles, U. S. Atty., and Claude O. Lanciano, Asst. U. S. Atty., both of Philadelphia, Pa.

David Levinson, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This case concerns the naturalization of Thomas Srednik, and the present proceeding is one to cancel his naturalization certificate. The facts of the case are these:

On November 9, 1920, Srednik declared his intention to become a citizen of the United States, and on December 20, 1922, in pursuance thereof, filed his petition in the District Court of the United States for the Eastern District of Pennsylvania. On May 5, 1924, he was admitted to citizenship and was given a certificate of naturalization No. 1,-955,210 by said court. On the record of that case it appears that his citizenship was contested on the ground that he had not resided in the United States during the statutory period required. This matter was duly considered by the judge, and decided· in favor of the applicant in an opinion in which,

after certain discussion, the court stated the conclusion reached was "that the applicant has continuously resided in the United States for a period of more than five years, and it is ordered that the prayer of his petition be granted and that he be admitted to citizenship upon taking the oath of allegiance." The United States was represented at the hearing at the time of his naturalization, and no appeal was taken from the above decree.

After the expiration of the term, to wit, on August 25, 1924, a petition was filed by the United States attorney for the Eastern District of Pennsylvania, praying that the certificate of naturalization be canceled. An answer was filed thereto by the applicant, wherein he stated that "he is advised by counsel that the only point raised by the said petition is one involving legal construction as to the meaning of the Act of Congress of June 29, 1906 (34 Stat. 596), requiring a residence of five years next preceding the issuance of the certificate of naturalization. Defendant avers that this question was heard by this honorable court on April 2, 1924, and the certificate of naturalization in question was issued, and inasmuch as no new facts have been alleged as a ground for cancellation he prays that the court dismiss the petition herein filed."

[1, 2] The underlying primary question here involved is whether the remedy of cancellation here sought could be availed of under the fifteenth section of the act of June, 1906 (Comp. St. § 4374). Was the certificate, in the words of the said act, "illegally procured"? In the case of United States v. Richmond, 17 F.(2d) 28, we held that "to the words 'procured,' 'illegally procured,' coupled in this statute with fraud, as it is, must be attributed the purpose of Congress to use those words in their commonly understood meaning, as evidencing a positive, affirmative act on the part of the procurer, and one of a sinister character." No such accusation is involved in the present case. The question before the court is one of fact and legal construction, namely, whether the absence of the applicant ·from the country with the intention of returning was a compliance with the statutory requirement of a continuous residence. That question the naturalization judge held in favor of the applicant under the facts of the case. If he was mistaken, the remedy of the government, which was represented at the hearing, was by appeal.

Regarding the present case as an effort to review in this indirect way the opinion and decision of the court in the primary case, and

in accord with the Richmond Case, we affirm the order of dismissal of the petition to cancel made in the present case.